FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 07 2010

JAMES N. HATTEN, CLERK
By: RBachelm    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHELE OBESTER,  :

    Plaintiff,  :

v.  :

                              CIVIL ACTION NO.
                              1:08-CV-3491-MHS-AJB

LUCAS ASSOCIATES, INC.,  :
d/b/a LUCAS GROUP,

                         :

    Defendant.

## ORDER

This matter is before the Court on both parties' motions for summary judgment and the Magistrate Judge's Report and Recommendation ("R&R") making the following recommendations:

(1)    The Magistrate Judge recommends that defendant's motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate Judge recommends that defendant's motion for summary judgment be granted as to plaintiff's Family Medical Leave Act ("FMLA") interference claim (included in Count II) but denied as to plaintiff's Title VII disparate treatment claim

(Count I), FMLA retaliation claim (included in Count II), and Title VII retaliation claim (Count III).

(2)     The Magistrate Judge recommends that plaintiff's motion for summary judgment be granted in part and denied as moot in part. Specifically, the Magistrate Judge recommends that plaintiff's motion for summary judgment be granted as to defendant's remaining counterclaims (Counts I, II and III) and denied as moot as to defendant's already dismissed trade secrets counterclaims (Counts IV and V).

Both plaintiff and defendant have filed objections to the R&R. Lucas Group's objections focus on two issues: (1) that the Magistrate Judge's recommendation regarding Obester's FMLA retaliation claim should be disregarded and summary judgment should be granted to Lucas Group on that claim; and (2) that this Court should not adopt the Magistrate Judge's findings with respect to Obester's Title VII retaliation claim.

In Obester's objections to the R&R, she objects to the Magistrate Judge's finding concerning her Title VII retaliation claim. Specifically, she argues that

2

an October 2, 2008 letter sent to Obester's counsel from Lucas Group's counsel was direct evidence of Lucas Group's retaliatory intent, not indirect evidence, as found by the Magistrate Judge.  After a de novo review of the record, the Court adopts the factual background of the R&R and addresses each of the parties' objections in turn.

Lucas Group's Objection to the Magistrate Judge's Recommendation Regarding Obester's FMLA Retaliation Claim

The Magistrate Judge recommends granting summary judgment to Lucas Group for an interference claim under the Family Medical Leave Act ("FMLA") asserted by Obester, but denying summary judgment to Lucas Group with respect to Obester's FMLA retaliation claim.[1]

Lucas Group objects that the Magistrate Judge's recommendations are in conflict.  The Magistrate Judge found that Obester exceeded the twelve-week leave period protected by the FMLA and that Lucas Group was entitled to eliminate her position and terminate her as a consequence.  Consequently, the

---

[1] Obester raised an FLMA claim in her complaint, but did not specify whether it was based on interference or retaliation.  The Magistrate Judge appropriately analyzed Obester's FLMA claim under both prongs.

3

Magistrate Judge concluded that Lucas Group prevails on summary judgment regarding Obester's FMLA interference claim. Lucas Group argues that for the same reason – Obester's exceeding the twelve-week leave period protected by the FMLA – it should be entitled to summary judgment with respect to the FMLA retaliation claim as well.

The Court disagrees. The interference and retaliation claims in this case are distinct. To state an interference claim, Obester need only demonstrate that she was entitled to, but was denied, the right in question. <u>Bodrick v. Bellsouth Business Systems, Inc.</u>, 2006 WL 559239 at *5 (N.D.Ga. 2006), citing <u>Strickland v. Water Works & Sewer Bd. of the City of Birmingham</u>, 239 F.3d 1199, 1206 (11th Cir. 2001). The Court agrees with the Magistrate Judge that Obester, because she exceeded the twelve-week leave period under the FMLA, no longer retained a statutory right to have her position reinstated upon her return. Therefore, an FMLA claim based on interference is precluded.

To establish a <u>prima facie</u> claim of retaliation, "the plaintiff must show that: (1) [s]he was engaged in statutorily protected conduct; (2) [s]he suffered an adverse employment action; and (3) that there is a causal connection

4

between the protected conduct and the adverse employment action." <u>Bodrick</u>,
2006 WL at *5, citing <u>Brungart v. BellSouth Telecomm, Inc.</u>, 231 F.3d 791, 798
(11th Cir. 2000).[2] An "adverse employment action" is any ultimate employment
decision, such as a discharge "or other conduct that alters the employee's
compensation, terms, conditions, or privileges of employment, deprives him or
her of employment opportunities, or adversely affects his or her status as an
employee." <u>Bodrick</u>, 2006 WL at *5 n. 9, citing <u>Gupta v. Fla. Bd. Of Regents</u>,
212 F.3d 571, 587 (11th Cir. 2000). To establish a causal connection, a plaintiff
need only show that the protected activity and the adverse action were not
wholly unrelated. <u>Bodrick</u>, 2006 WL at *5 n. 10, citing <u>Brungart</u>, 231 F.3d at
799. Obester stated in her deposition that in a phone conversation with Lucas

---

[2] Several courts have seemingly indicated that an FMLA retaliation
claim may be distinguished from an interference claim merely by adding an
additional element: the plaintiff must also "demonstrate that [her] employer
intentionally discriminated against [her] in the form of an adverse
employment action for having exercised an FMLA right." <u>Strickland</u>, 239
F.3d at 1207. "Therefore, the employee bears the increased burden of
demonstrating that the employer's actions were motivated by an
impermissible animus." <u>Id.</u> However, the Court finds such a rigid analytical
framework (as advocated by Lucas Group) over-simplistic. A fact-finder must
evaluate the underlying facts related to each interference and retaliation
claim under the FMLA discretely. It is possible both that an interference
claim survive summary judgment while a retaliation claim does not (<u>see, e.g.</u>,
<u>Bodrick</u>, 2006 WL 559239 at *6-9; <u>Nance v. Buffalo's Café of Griffin, Inc.</u>,
2005 WL 2148548 at *3-7 (N.D.Ga. March 30, 2005)) and vice versa (<u>see, e.g.</u>,
<u>Darring v. Daily Access Corp.</u>, 2006 WL 779868 at *7-13 (S.D.Ala. March 27,
2006)).

5

in April 2008, she told him that if she didn't have a baby and wasn't on leave, he would not have cut her position.  According to Obester's testimony, he replied, "I – probably so."  Taken as true,[3] Lucas's agreement with Obester's statement demonstrated that Obester's position was eliminated not because she took *too much* leave, but because she took *any* leave at all.  Lucas's statement creates a causal connection between Obester's taking the FMLA leave to which she was statutorily entitled and the elimination of Obester's position. Consequently, Obester has presented sufficient evidence to survive summary judgment on her FMLA retaliation claim.

Lucas Group's Objection to the Magistrate Judge's Findings Regarding Obester's Title VII Retaliation Claim

Lucas Group also objects to the findings relied upon by the Magistrate Judge in concluding that Obester's Title VII retaliation claim survives summary judgment.  To prevail on a Title VII retaliation claim for filing a claim against an employee, Obester must establish that the claim 1) was filed for a retaliatory motive, and 2) lacked a reasonable basis in law or fact.  Munroe v. Partsbase,

---

[3] In a motion for summary judgment, all facts are construed in the non-movant's favor. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004) (citing Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999)).

AO 72A
(Rev.8/82)

Inc., 2009 WL 413721 at *8 (S.D. Fla. Feb. 18, 2009). Lucas Group's objection focuses on the Magistrate Judge's findings with respect to the second prong. Lucas Group asserts that the determination of a "lack of reasonable basis in fact or law" should not be reviewed for whether there is a genuine issue of material fact, i.e., the standard for summary judgment, but instead based on whether the claims were baseless, or frivolous, when filed. Lucas Group then proceeds to argue that a "lack of reasonable basis" determination based on a frivolity review should be an issue for a jury.

The Court disagrees. The determination of whether Lucas Group's counterclaims "lack a reasonable basis in law or fact," whether reviewed for frivolity or for whether there is a genuine issue of material fact, is necessarily a legal analysis to be determined by the Court, not a factual determination for a jury. The Court will next determine the appropriate standard of review.

In evaluating whether Lucas Group's counterclaims lacked a reasonable basis in law or fact, the Magistrate Judge found guidance in the case of Ramos v. Hoyle, 2009 WL 2849093 (S.D. Fla. May 15, 2009) and 2009 WL 2151305 (S.D. Fla. July 16, 2009). The Ramos court noted that "the ultimate standard

7

for determining whether a counterclaim has a 'reasonable basis' is whether there is a genuine issue of material fact." Id. at 10 (quoting Munroe, 2009 WL 413721 at *9. See also Barnes v. Akal Security, 2005 WL 149112 at *5-6 (D. Kan. June 20, 2005);[4] Martinez v. Deaf Smith County Grain Processors, Inc., 583 F.Supp. 1200, 1210 (D.C. Tex. 1984). The ultimate source of these district court findings is a Supreme Court case, Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731 (1983), where the Supreme Court held that it is an enjoinable unfair labor practice to prosecute a baseless lawsuit with the intent of retaliating against an employee for the exercise of rights protected by § 7 of the National Labor Relations Act ("NLRA").

As a preliminary matter, the Court finds that the same standard of review set forth by the Supreme Court for evaluating an enjoinable retaliatory claim by an employer under § 7 of the NLRA applies to Obester's retaliation claim under Title VII. Several courts have found that unlawful retaliation under the Fair Labor Standards Act ("FLSA") may be guided by the analogous

---

[4]  Although the Barnes court was determining whether a proposed amendment was futile, the Court does not dismiss as dicta the district court's finding that "the ultimate standard for determining whether a counterclaim has a reasonable basis is whether there is a genuine issue of material fact," as Lucas Group advocates.

area of law in the NLRA. <u>See, e.g.</u>, <u>Martin v. Gingerbread House, Inc.</u>, 977 F.2d 1405, 1406-07 (10th Cir. 1992); <u>Rutherford Food Corp. V. McComb</u>, 331 U.S. 722, 723 (1947) ("[d]ecisions that define the coverage of the employer-employee relationship under the [NLRA] are persuasive in consideration of a similar coverage under the [FLSA].")   Indeed, the <u>Martinez</u> court described how the retaliation language under the NLRA and FLSA are essentially the same.[5]  <u>See</u> <u>Martinez</u>, 583 F.Supp. at 1209.  Further, the Magistrate Judge elucidated how the Eleventh Circuit analyzes retaliation claims under the FLSA using the same framework used to analyze claims of retaliation brought under Title VII. <u>See</u> R&R, n. 37.  The Court concludes that the same standard of review set forth by the Supreme Court in <u>Bill Johnson's Restaurants</u> should be applied to FLSA retaliation claims, and in turn, to the Title VII retaliation claim in the instant case.

---

[5]   The FLSA retaliation statute states: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3(a).  The retaliation statute under the NLRA states: "It shall be an unfair labor practice for an employer-(4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter." 29 U.S.C. § 158(a)(4).

In <u>Bill Johnson's Restaurants</u>, the Supreme Court held that the National Labor Relations Board (the "Board") could enjoin an employer's prosecution of a baseless lawsuit with the intent of retaliating against an employee for the exercise of rights protected under § 7 of the NLRA.  The court then proceeded to analyze how the Board should determine whether the employer's claims were baseless.  The petitioner in the case argued that the Board's pre-judgment inquiry must not go beyond the four corners of the complaint.  The Board sought no limitations on the scope of its pre-judgment determination as to whether a lawsuit has a reasonable basis.  The Supreme Court rejected both arguments, and stated: "Although the . . . reasonable basis inquiry need not be limited to the bare pleadings, *if there is a genuine issue of material fact* that turns on the credibility of witnesses or on the proper inferences to be drawn from undisputed facts, it cannot, in our view, be concluded that the suit should be enjoined." <u>Bill Johnson's Restaurants</u>, 461 U.S. at 744-45 (emphasis added).  <u>See</u> <u>also</u> <u>Martin</u>, 977 F.2d at 1409 ("A suit is baseless if ' . . . no reasonable jury could [find] in favor of the plaintiff'") (citing <u>Bill Johnson's Restaurants</u>, 461 U.S. at 754-55 (Brennan, J., concurring)).  Thus, the Supreme Court made clear that a reasonable basis inquiry hinges on whether there is a genuine issue of material fact, which is the standard for summary judgment.  <u>Id.</u> at 746, n. 11 (citing Fed.

10

R. Civ. P. Rule 56). To the extent that Lucas Group's cited case, <u>Ergo v.</u> <u>International Merchant Services, Inc.</u>, 519 F. Supp.2d 765, 781 (N.D. Ill. 2007), holds differently, its decision is not binding in the Eleventh Circuit and the Court is disinclined to follow it.

Thus, the Magistrate Judge analyzed whether Lucas Group's counterclaims lacked a reasonable basis in law or fact using the proper standard of review, and the findings used to arrive at the Magistrate Judge's conclusions were appropriate.

<u>Obester's Objection to the Magistrate Judge's Finding That Lucas Group's</u> <u>Counsel's October 2, 2008 Letter Was Indirect Evidence of Retalation</u>

Obester objects to the Magistrate Judge's finding that an October 2, 2008 letter sent by Lucas Group's counsel to plaintiff's counsel was indirect, or circumstantial, evidence of Lucas Group's discriminatory intent. Obester argues that Lucas Group's counsel served as Lucas Group's agent and that statements made by counsel are directly attributable to Lucas Group. Therefore, Obester contends, the letter should serve as direct evidence of Lucas Group's retaliatory intent.

11

The Court need not decide whether the October 2, 2008 letter is direct or indirect evidence of retaliatory intent at this time. Regardless of whether the evidence is direct or indirect, it is sufficient to create a jury question regarding intent and therefore preclude summary judgment against Obester's Title VII retaliation claim.

Conclusion

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's R&R [#100], and OVERRULES defendant's objections to the R&R [#101] and plaintiff's objections to the R&R [#102]. Defendant's motion for summary judgment [#59] is GRANTED IN PART AND DENIED IN PART. Specifically, defendant's motion for summary judgment [#59] is GRANTED as to plaintiff's FMLA interference claim (included in Count II) but DENIED as to plaintiff's Title VII disparate treatment claim (Count I), FMLA retaliation claim (included in Count II), and Title VII retaliation claim (Count III).

Furthermore, plaintiff's motion for summary judgment [#61] is GRANTED IN PART AND DENIED AS MOOT IN PART. Specifically, plaintiff's motion for summary judgment [#61] is GRANTED as to defendant's

12

remaining counterclaims (Counts I, II and III) and  DENIED AS MOOT as to

defendant's already dismissed counterclaims (Counts IV and V).


IT IS SO ORDERED, this _____ day of September, 2010.


_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

13